J-A30038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MILES EMERICK HERMANSON | : | |
| | : | |
| Appellant | : | No. 198 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000123-2017

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 06, 2020**

Appellant, Miles Emerick Hermanson, appeals from the judgment of sentence of 72 hours to six months of confinement and 30 days of probation, to be served concurrently, which was imposed after his conviction at a bench trial for driving under the influence ("DUI") of a Schedule I controlled substance (first offense), possession of a small amount of marijuana only for personal use, and no head lamps.[1]  Appellant challenges the admission of the laboratory blood test result.  We affirm.

At Appellant's trial, Dr. Karla Walker, Director of Clinical Toxicology Laboratories at MedTox Laboratories,[2] testified about the procedure used to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(1)(i), 35 P.S. § 780-113(a)(31)(i), and 75 Pa.C.S. § 4303(a), respectively.

[2] MedTox Laboratories is an approved testing center in Pennsylvania.  ***Id.***

test the sample of Appellant's blood that police had taken pursuant to a traffic stop on October 30, 2016. Trial Court Opinion, filed January 17, 2019, at 3. "That procedure involved multiple people who operated and/or interpreted the results of testing equipment." *Id.* Although "there [was] no dispute that Dr. Walker was certified as an expert in forensic toxicology[,]" Appellant "objected to Dr. Walker's testimony as having insufficient foundation, and argued that her testimony would be hearsay and would violate [his] right to confrontation." *Id.* at 3-4. In response to Appellant's objection, Dr. Walker testified that she "reviewed the file, evaluated the results, ensured the lab protocols had been followed, provided a litigation packet to a clerk to fill out, and, at trial, provided her own opinion concerning [Appellant]'s blood analysis." *Id.* at 7-8. The following exchange then occurred:

> [THE COURT:] Ma'am, would you personally sign off on the results of the testing that were performed in this case?
>
> THE WITNESS: Yes. I provided a litigation package that I signed off on. That I reviewed all of the results and agree with them. . . .
>
> THE COURT: . . . [S]he's here personally and she's testified that she will sign off on the results of her Laboratory.

N.T. at 113-14. The trial court overruled Appellant's objection, and Dr. Walker testified that Appellant's blood tested positive for THC.[3] Trial Court Opinion, filed January 17, 2019, at 3. At the conclusion of the trial, the court found

---

[3] "THC stands for tetrahydrocannabinol and is the active ingredient of marijuana." *Commonwealth v. Jones*, 121 A.3d 524, 526 n.3 (Pa. Super. 2015).

Appellant guilty of the aforementioned charges. N.T. at 146. On September 12, 2018, immediately following sentencing, Appellant filed post-sentence motions, including a motion for a new trial on the basis that the verdict was against the weight of the evidence. On January 17, 2019, the trial court entered an order denying Appellant's post-sentence motions, as well as an accompanying opinion. On February 1, 2019, Appellant filed this timely[4] direct appeal.[5]

Appellant presents the following issues for our review:

1. Did the trial court err in denying [Appellant]'s Post-Sentence Motion due to the Commonwealth's failure to produce the analyst that performed the blood test or a witness that could properly certify its result, thereby depriving [Appellant] of his right to confront witnesses against him as protected by the 6th and 14th Amendments of the United States Constitution, as well as his rights under Article 1, Section 9 of the Pennsylvania Constitution?

2. Did the trial court abuse its discretion in denying [Appellant]'s Post–Sentence Motion where the verdict as to Count

_____

[4] A trial court has 120 days to decide a post-sentence motion, and, if it fails to decide the motion within that period, the motion is deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a). When the motion is deemed denied by operation of law, the clerk of courts shall enter an order deeming the motion denied on behalf of the trial court and serve copies on the parties. *See* Pa.R.Crim.P. 720(B)(3)(c). In the current action, the 120th day was January 10, 2019; however, the clerk of courts did not enter an order deeming the motion denied. Nevertheless, Appellant's notice of appeal was timely irrespective of whether the final order is considered to have been entered January 10, 2019 (the date the post-sentence motion should have been deemed denied), or January 17, 2019 (the date that the trial court's order denying the post-sentence motion was entered).

[5] On February 22, 2019, Appellant filed his statement of errors complained of on appeal. On February 27, 2019, the trial court entered an order stating that the opinion that accompanied its order of January 17, 2019, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

2 - DUI: Controlled Substance (Schedule 1) was against the weight of the evidence because of the Commonwealth's failure to present the analyst who performed the blood test or a witness that could properly certify its results?

Appellant's Brief at 1 (suggested answers and trial court's answers omitted).

Appellant contends that the Commonwealth's failure to produce the analyst who performed the blood test or a witness who "could properly certify its result" violated his Sixth Amendment "right to confront witnesses against him[.]" Appellant's Brief at 22. He argues that "Sixth Amendment confrontational rights with respect to laboratory technicians and analysts clearly applies to blood test reports which show the presence of alcohol or controlled substances in a DUI defendant's blood." *Id.* at 23.

The Sixth Amendment guarantees that, "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. Amend. VI. "The Confrontation Clause . . . prohibits out-of-court testimonial statements by a witness unless the witness is unavailable and the defendant had a prior opportunity for cross-examination." *Commonwealth v. Yohe*, 79 A.3d 520, 531 (Pa. 2013).

"Whether the admission of the [t]oxicology [r]eport violated Appellant's rights under the Confrontation Clause is a question of law, for which our standard of review is *de novo* and our scope of review is plenary." *Id.* at 530.

In [*Commonwealth v.*] *Brown*, [185 A.3d 316, 331 (Pa. 2018)], our Supreme Court was asked to determine whether an expert forensic pathologist, who had no role in the autopsy of the victim other than his review of the autopsy photographs and autopsy report prepared by a non-testifying witness, was permitted to testify that, in his opinion, "four gunshot wounds caused the

- 4 -

victim's death[.]" . . . In holding **the expert's opinion was admissible**, and there was no Confrontation Clause violation, our Supreme Court relevantly indicated the following:

> We recognize that in **Bullcoming** [**v. New Mexico**, 564 U.S. 647, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011) ], the High Court unquestionably held the right to confrontation is violated when the analyst who writes a report is not made available for cross-examination even if the report is wholly reliable. The testimony of a surrogate analyst is insufficient to vindicate the right to confrontation in such circumstances because cross-examination of the surrogate cannot expose any lapses or infirmities in the testing process or protocol employed by the analyst who authored the report. Significantly, for purposes of our present analysis, the **Bullcoming** Court noted no argument was presented in that case that the surrogate analyst had "any '**independent opinion**' concerning Bullcoming's BAC." Here, [the expert forensic pathologist] testified his opinion four gunshot wounds caused the victim's death was **his own independent opinion.** . . . In addition to the autopsy report, [the expert forensic pathologist] also examined autopsy photographs to support his own independent opinion as to the cause of death. . . . **There is no Confrontation Clause concern over the opinions [the expert** forensic pathologist] **expressed** based on his own review of the autopsy photographs because the photos were not testimonial statements of an unavailable witness. . . .

**Brown**, 185 A.3d at 330-3[1] (footnote and citations omitted).

**Commonwealth v. Leaner**, 202 A.3d 749, 772-73 (Pa. Super.) (emphasis added), *appeal denied*, 216 A.3d 226 (Pa. 2019).

In the current action, Dr. Walker was "an expert in forensic toxicology" who "reviewed all of the results" from Appellant's laboratory blood test and "provided her own opinion concerning [Appellant]'s blood analysis." Trial Court Opinion, filed January 17, 2019, at 4, 8; N.T. at 113. Accordingly, this appeal is analogous to **Commonwealth v. Brown**, 185 A.3d 316, 331 (Pa.

2018), where an expert who had no role in the laboratory procedure but who had reviewed a report prepared by a non-testifying witness gave an independent opinion in court; the Supreme Court of Pennsylvania concluded that the expert's opinion was admissible and that there was no Confrontation Clause violation. ***See also Leaner***, 202 A.3d at 772. Since Dr. Walker was also an expert who had no role in the laboratory procedure but who had reviewed the report prepared by technicians who did not testify and who gave an independent opinion of the results in court, we likewise find that her opinion was admissible and that no Confrontation Clause violation occurred.

Consequently, Appellant's first appellate challenge is meritless, and his second appellate challenge hence is moot. Ergo, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/06/2020